became insolvent, and took the oath of an insolvent debtor, according to law. We find, that after the protest of the said note, and before the plaintiffs commenced suit against the said McIver, the plaintiffs received from said McIver, in part payment of said note, the following sums, namely: March 9th, 1797, $100; March 10th, $73.34; June 30th, $30. If the law be for the plaintiffs, we find for the plaintiffs $82.13 damages; if the law be for the defendant, we find for the defendant."

CRANCH, Circuit Judge. The contract of the assignor is to this effect, that he will repay the money to the assignee if the assignee cannot obtain the money from the promissor, having used due diligence therefor. The plaintiff, to entitle himself to recover, must make out his case; that is, he must show that he has not obtained the money from the maker of the note, and that he has used due diligence. It is admitted that a suit, prosecuted to judgment and execution, is, in Virginia, a necessary part of that diligence, (unless, perhaps, it can be shown that the maker was insolvent, or had run away,) but it is not the whole of due diligence. The plaintiff must show further that he prosecuted his suit in a reasonable time, that the execution has been delivered to the proper officer to be served, and that it has been ineffectual. This I take to be as necessary a part of the plaintiff's case, as it is to show that he brought a suit; for the defendant's engagement is only conditional, and the condition is precedent. The jury have not found at what time the suit was brought against McIver, but they have found that it was not brought before the 30th June, 1797. They have not found that any execution was taken out upon that judgment, nor have they stated whether McIver became insolvent before or after the judgment was rendered against him. They have only found that he became insolvent before the suit was brought against the present defendant, McKenzie.

The fact of due diligence must have been necessarily in issue, as part of the plaintiff's cause of action, and the jury not having expressly found that due diligence was used, and not having found facts enough for the court to decide whether such diligence was used or not, I think a venire facias de novo ought to be awarded.

KILTY, Chief Judge, and MARSHALL, Circuit Judge, assented.

The authorities cited were, Lee v. Love, MS. (since reported in 1 Call, 497); Kyd, 208; Strange, 745; 1 Wils. 48; 1 Term R. 167; 1 Salk. 132; Mackie v. Davis, 2 Wash. [Va.] 219; 2 Ld. Raym. 758; 3 Burrows, 1522; Kyd, 165; Bull. N. P. 271; 2 Strange, 1145.

MANDEVILLE (MUNROE v.). See Case No. 9,929.

MANDEVILLE (OLIVE v.). See Case No. 10,488.

MANDEVILLE (RIDDLE v.). See Case No. 11,807.

## Case No. 9,015.

### MANDEVILLE v. RINGGOLD.

[Cited in Addison v. Duckett Case No. 77. Nowhere reported; opinion not now accessible.]

## Case No. 9,016.

### MANDEVILLE v. RUMNEY.

[3 Cranch, C. C. 424.] [1]

Circuit Court, District of Columbia. April Term, 1829.

NOTES—DAYS OF GRACE—PROTEST—SUIT BROUGHT.

If Sunday be the last day of grace, the demand, protest, and notice may be on Saturday, and if the protest be after bank hours on Saturday, the suit may be brought the same evening.

Debt, against the maker of a promissory note. Sunday was the third day of grace, payment was demanded, and the note protested on Saturday after bank hours. The suit was brought the same evening, after protest.

Verdict for the plaintiff, subject to the opinion of the court whether the suit was not brought too soon.

THE COURT (MORSELL, Circuit Judge, doubting), was of opinion, that it was not. See Story, Chit. Bills, and the cases cited there in the notes.

THE COURT was of the same opinion, in the action of the same plaintiff against Runels, the indorser of the same note.

MANDEVILLE (SHEEHY v.). See Case No. 12,740.

MANDEVILLE (SUTTON v.). See Cases Nos. 13,648–13,651.

## Case No. 9,017.

### MANDEVILLE et al. v. WASHINGTON.

[1 Cranch, C. C. 4.] [1]

Circuit Court, District of Columbia. April Term, 1801.

PRACTICE AT LAW — WRIT OF INQUIRY — PLAINTIFFS' OATH.

On a writ of inquiry the plaintiff's oath may be given in evidence of the amount of his claim.

On writ of inquiry. [Suit by Mandeville & Jamieson against Nathaniel Washington.]

THE COURT admitted an account supported by the plaintiffs' affidavit to be given in evidence to the jury, it having been stated

[1] [Reported by Hon. William Cranch, Chief Judge.]